**In the Matter of Charles E. COHEN, Respondent.**

**No. 49S00–1304–DI–282.**

Supreme Court of Indiana.

Oct. 20, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent has been an attorney since 1993 and was admitted as a patent attorney by the United States Patent and Trademark Office in 2000. Respondent was employed by Eli Lilly and Company ("Lilly") from 1999 through 2009. Respondent had a duty to protect Lilly's intellectual property and preserve Lilly's confidences. In 2009, as Respondent prepared to leave his employment with Lilly, he copied documents and forms onto a disk. A Lilly administrative assistant made a copy of the disc and gave both discs to Respondent. The information on the discs ("CD Data") was property of Lilly and was considered by Lilly to be confidential. Respondent took the CD Data from Lilly's premises and retained it, knowing that he was not authorized to possess or control the CD Data after he left Lilly.

*Aggravating and mitigating facts.* The parties cite the following fact in aggrava-

tion: Respondent was aware that the duty of a patent lawyer is to protect the intellectual property of the client. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with both Lilly and the Commission in their investigations; (3) Respondent had no intent to harm the client; (4) he returned the CD Data to Lilly upon request and did not intend to share it with third parties; (5) Respondent believes that the information regarding Lilly's products on the discs was either already in the public domain or would become public in the near future; (6) Respondent has expressed that the breach of his employment agreement was not intentional, yet he takes full responsibility for and regrets his actions; and (7) Respondent's misconduct resulted in the revocation of a substantial severance payment from Lilly.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(c): Engaging in conduct involving dishonesty by taking and retaining the CD Data knowing that he was not authorized to possess or control the CD Data after he left Lilly.

1.16(d): Failure to protect a client's interests upon termination of representation.

**Discipline:** The parties propose the appropriate discipline is a 90–day suspension with automatic reinstatement. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 90 days, beginning December 1, 2014.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.